UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

ANDREW A. DONARUMO                 JURY TRIAL DEMANDED

v.                                               CASE NO.  3:09CV

BAY AREA CREDIT SERVICE LLC

## COMPLAINT

1. Plaintiff seeks relief pursuant to the Fair Debt Collection Practices Act ("FDCPA"), l5 U.S.C. § l692; the Connecticut Creditor Collection Practices Act ("CCPA"), Conn. Gen. Stat. § 36a-645 or the Consumer Collection Agency Act, Conn. Gen. Stat. § 36a-800 and regulations issued thereunder; and the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat. § 42-110a.

2. The Court has jurisdiction. 15 U.S.C. § 1692k and 28 U.S.C. §133l and § 1367.

3. Plaintiff is a natural person who resides in CT.

4. Plaintiff is a consumer within the FDCPA.

5. Defendant is a debt collector within the FDCPA.

6. Defendant had a place of business at 2800 Zanker Rd # 105, San Jose CA 95134 which was not licensed pursuant to chapter 669 Part XII of the Connecticut General Statutes when communicating with plaintiff in 2009 concerning an effort to collect a disputed personal account in which the creditor was identified as American Medical Response (AMR).

7. On and after April 3, 2008, defendant began making phone calls and collection efforts with regard to disputed accounts xxxx9703 and xxxx4154.

8. As to each of the accounts, AMR did not add interest to the account.

9. As to each of the accounts, the AMR bills showed no interest owing at the time

that defendant's bills showed interest owing.

10. Defendant added and collected a per diem rate of interest to each of the accounts.

11. Defendant did not notify the plaintiff that the amount included interest that changes periodically and the initial letter did not expressly state as of what date that amount was due or what impact payment of the stated amount would have on the consumer's obligation to pay later-accruing interest.

12. Defendant made excessive calls, including calls after payment in full.

13. Defendant acknowledged receipt of an amount well in excess of what had been paid or what was due.

FIRST COUNT

14. In the collection efforts, defendant violated the FDCPA, *inter alia*, § 1692e, -f, or –g.

SECOND COUNT

15. Within three years prior to the date of this action Defendant engaged in acts and practices as to plaintiff in violation of the Creditors' Collection Practices Act, §36a-645 *et seq.*, or the Consumer Collection Agency Act, § 36a-800 *et seq.* Conn. Gen. Stat.

16. Defendant has committed unfair or deceptive acts or practices within the meaning of the Unfair Trade Practices Act, Conn. Gen. Stat. § 42-110a *et seq.*

WHEREFORE plaintiff respectfully requests this Court to:

  1. Award plaintiff such damages as are permitted by law, both compensatory and punitive, including $1,000 statutory damages under each of the FDCPA or CCPA for each communication against defendant;

2.  Award the plaintiff costs of suit and a reasonable attorney's fee;

3.  Award declaratory and injunctive relief, and such other and such further relief as law or equity may provide.

>              THE PLAINTIFF
>
>
> BY____/s/ Joanne S. Faulkner___
>       JOANNE S. FAULKNER ct04137
>       123 Avon Street
>       New Haven, CT 06511-2422
>       (203) 772-0395
>       faulknerlawoffice@snet.net